Revised December 28, 2000

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

─────────────────────────────────────────

No. 99-40487

─────────────────────────────────────────

DANNY EARL DOYLE,
*Defendant-Appellant,*


v.


GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,
*Plaintiff-Appellee.*


─────────────────────────────────────────

On Appeal from the United States District Court
for the Eastern District of Texas

─────────────────────────────────────────

December 27, 2000

Before REYNALDO G. GARZA, STEWART, and DENNIS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

Danny Earl Doyle (hereinafter "Doyle") appeals the federal district court's denial of his Federal Rule of Civil Procedure 60 (b) motion as to the denial of his 28 U.S.C. § 2254 application for writ of habeas corpus on the grounds that his State of Texas criminal conviction for possession of methamphetamine with the intent to deliver violated the Double Jeopardy Clause of the United States Constitution. For the reasons stated below, we find that Doyle's conviction did not violate the Double Jeopardy Clause and therefore affirm.

## 1.    Factual and Procedural Background

On January 7, 1993, law enforcement officers arrested Doyle for aggravated possession with intent to deliver methamphetamine. From the arrest, law enforcement officers seized forty-one grams of methamphetamine. Four days later, on January 11, 1993, the Denton County, Texas, District Attorney's Office notified Doyle that, pursuant to Section 159.101 of the Texas Tax Code, he owed a tax in the amount of $8,200 on the methamphetamine. On January 13, 1993, the Texas Comptroller of Public Accounts (hereinafter "Comptroller") notified Doyle that he owed a tax and penalty of $8,610 on the methamphetamine (hereinafter "Tax") and filed a tax lien (hereinafter "Lien") with the Denton County Clerk to recover the amount due. On January 26, 1993, the Comptroller froze Doyle's bank account at Texas Bank, which had a balance of $1,867.55.

Doyle requested, and the Comptroller granted him, a redetermination hearing. The administrative law judge stayed the hearing pending the resolution of Doyle's criminal prosecution. On April 25, 1994, a Denton County jury found Doyle guilty of aggravated possession with intent to deliver methamphetamine in an amount over 28 grams but less than 200 grams. The jury assessed a punishment of sixty years and a fine of $5,000. Following Doyle's conviction, on January 13, 1995, the Comptroller confiscated his bank account at Texas Bank.

## 2.    Discussion

At issue in this appeal is whether Doyle's state court conviction violated the Double Jeopardy Clause of the United States Constitution. Doyle appeals the federal district court's denial of his Federal Rule of Civil Procedure 60 (b) motion as to the denial of his 28 U.S.C. § 2254 application for writ of habeas corpus. We review a federal district court's denial of a Rule

60 (b) motion for an abuse of discretion. *See Halicki v. Louisiana Casino Cruises, Inc.,* 151 F.3d 465, 470 (5th Cir. 1998).

**Doyle's conviction does not violate the Double Jeopardy Clause of the United States Constitution**

The Double Jeopardy Clause of the United States Constitution prohibits a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and of importance here, successive punishments for the same offense. *See Department of Revenue of Montana v. Kurth Ranch,* 511 U.S. 767, 769, 784, 114 S.Ct. 1937, 128 L. Ed. 767 (1994). In order for a successive punishment to violate the Double Jeopardy Clause of the United States Constitution, jeopardy must have attached with respect to a preceding punishment. *See Serfass v. United States,* 420 U.S. 377, 393, 95 S.Ct. 1055, 43 L. Ed. 2d 265 (1975).

Doyle argues that his criminal conviction was a successive punishment, and thus violated the Double Jeopardy Clause of the United States Constitution. He argues that his criminal conviction was a successive punishment because the Tax was punitive in nature and jeopardy attached before his conviction, either when the Comptroller assessed the Tax, filed the Lien or froze his bank account.

This Court has not addressed the issue of whether a tax imposed under Section 159.101 of the Texas Tax Code is punitive in nature or when jeopardy attaches. Although not controlling, the Texas Court of Criminal Appeal's opinion in *Ex parte Ward,* 964 S.W.2d 617 (Tex. Crim. App. 1998), *cert denied,* 525 U.S. 823, 119 S.Ct. 66, 142 L. Ed. 2d 52 (1998) is persuasive. In *Ex parte Ward*, Texas's highest criminal court found that a tax imposed under Section 159.101 of

3

the Texas Tax Code is punitive in nature, and that jeopardy attached when the defendant paid the amount due in full or made arrangements to do so. *See Ex parte Ward,* 964 S.W.2d at 628-29.

We agree with the *Ward* court that a tax imposed under Section 159.101 of the Texas Tax Code is punitive in nature and that jeopardy attaches when the defendant voluntarily pays the amount due in full. *See id.* Additionally, we hold that jeopardy attaches, with regards to a tax imposed under Section 159.101 of the Texas Tax Code, when the government takes title to a defendant's assets. *See United States v. Sanchez-Escareno,* 950 F.2d 193, 203 (5th Cir. 1991).

With respect to the Tax, jeopardy attached on January 13, 1995 when the Comptroller confiscated Doyle's bank account. With respect to Doyle's criminal conviction, jeopardy attached on April 25, 1994 when Doyle was convicted of aggravated possession with intent to deliver methamphetamine. Therefore, the criminal conviction was the preceding punishment and the Tax was the successive punishment. Doyle's criminal conviction did not violate the Double Jeopardy Clause of the United States Constitution, as he contends, because his criminal conviction was not a successive punishment. Doyle's criminal conviction was the preceding punishment and not the successive punishment because jeopardy, with respect to the Tax, did not attach until more than eight months after his conviction.[1] Accordingly, the federal district court did not abuse its discretion when it denied Doyle's Rule 60 (b) motion.

## 3. Conclusion

Based on the foregoing, we AFFIRM the federal district court's denial of Doyle's Rule 60

---

[1]The imposition of the Tax violates the Double Jeopardy Clause of the United States Constitution because it was a successive punishment imposed after jeopardy attached with respect to Doyle's criminal conviction. Doyle, however, does not appeal this issue, and thus it is not before us.

4

(b) motion.