Revised January 11, 2002

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-20032
_____


MATTHEW TODD LEDFORD

                                        Petitioner-Appellant

        v.


TOMMY THOMAS, Sheriff, Harris County; ET AL
                                        Respondents
JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION
                                        Respondent-Appellee
_____

            Appeal from the United States District Court
              for the Southern District of Texas
_____

                    December 11, 2001

Before KING, Chief Judge, and JOLLY and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM:

        On a petition for habeas relief asserting that the

conviction by the State of Texas of petitioner Matthew Todd

Ledford for possession of a controlled substance violated the

Double Jeopardy Clause, where the State previously had assessed a

substantial tax against petitioner on the controlled substance

and petitioner had made a partial payment of that tax, the

district court denied relief.  Ledford v. Thomas, 144 F. Supp. 2d 709 (S.D. Tex. 2000).  We AFFIRM.  Because we can add little to the district court's excellent opinion, we write briefly.

## I.  HABEAS PETITION

On June 23, 1993, Ledford was arrested for the felony offense of possession of at least 2,000 grams of cocaine.  On June 24, 1993, the Houston Police Department filed a marijuana and controlled substance report with the Texas Comptroller of Public Accounts.  The report requested a tax assessment against Ledford in the amount of $400,000.  On June 29, 1993, the Comptroller assessed $420,000 in taxes and penalties against Ledford under the Texas Controlled Substances Tax Act, TEX. TAX CODE §§ 159.001-159.206, which imposes a tax on the illegal possession, purchase, acquisition, importation, manufacture, or production of a controlled substance.  On July 8, 1993, the Comptroller filed a Texas State Tax Lien in Harris County.  Ledford paid $100 of the $420,000 assessment to the Comptroller before July 15, 1993.

On July 15, 1993, the State of Texas indicted Ledford for possession of cocaine with intent to deliver.  Ledford moved to quash the indictment, arguing that under the Double Jeopardy Clause of the Fifth Amendment, as interpreted by the Supreme Court in Department of Revenue of Montana v. Kurth Ranch, 511 U.S. 767 (1994), the State could not prosecute him criminally

2

after assessing the controlled substances tax.  The state trial court denied Ledford's motion to quash and convicted him of the charged offense.  He was sentenced to fifteen years in prison and imposed a $10,000 fine.  On direct appeal, the Texas Court of Appeals reversed Ledford's conviction and dismissed the indictment.  Ledford v. State, No. 14-94-00801-CR, 1997 WL 109948 (Tex. App. - Houston [14th Dist.] Mar. 13, 1997), vacated, 970 S.W.2d 17 (Tex. Crim. App. 1998), cert. denied, 525 U.S. 1043 (1998).  On remand, the Texas Court of  Appeals, based on a Court of Criminal Appeals decision in Ex parte Ward, 964 S.W.2d 617 (Tex. Crim. App. 1998)(en banc), cert. denied, 525 U.S. 823 (1998), affirmed Ledford's conviction.  Ledford v. State, No. 14-94-00801-CR, 1997 WL 717387 (Tex. App. - Houston [14th Dist.] Sept. 16, 1999).  A petition for federal habeas followed, in which Ledford asserted that the sentence he is serving under Texas law violated the Double Jeopardy Clause prohibition against successive punishments.  The district court denied relief, but granted a certificate of appealability.

The decision of the Court of Criminal Appeals in Ex parte Ward, on which the Texas Court of Appeals relied in affirming Ledford's conviction, held that a partial payment of the controlled substances tax does not constitute a punishment for purposes of the Double Jeopardy Clause's prohibition against multiple punishments "absent full payment of the tax or a pay arrangement with the comptroller's office for the remaining

3

amount due ...." Ex parte Ward, 964 S.W.2d at 632. Ledford contends that the decision of the Court of Appeals affirming his conviction in reliance on Ex parte Ward is contrary to, and an unreasonable application of, Supreme Court precedent established in Kurth Ranch, thus entitling him to habeas relief under § 2254(d)(1). However, as the district court correctly pointed out, in Kurth Ranch, the Court addressed a situation in which the defendants pleaded guilty to drug offenses and the state subsequently attempted to collect a tax on the possession of an illegal drug. Kurth Ranch, 511 U.S. at 781. The Court held that the Double Jeopardy Clause barred the collection of the tax after a criminal prosecution. Id. at 784. The Kurth Ranch majority explicitly declined to answer "whether an ostensibly civil proceeding that is designed to inflict punishment may bar a subsequent proceeding that is admittedly criminal in character." Id. at 781 n.21. The Ward court, the district court and this court confront the reverse situation, of tax assessment and partial payment before indictment, that the Kurth Ranch court did not address. But the district court's inquiry, as well as our inquiry, is more limited than that of the Ward court. Our question is only whether the decision of the Texas Court of Appeals on Ledford's direct appeal, relying on Ward, is contrary to, or an objectively unreasonable application of, federal law

established by the Supreme Court.[1]  See Williams v. Taylor, 529 U.S. 362, 412 (2000) (holding that "an unreasonable application of federal law is different from an incorrect or erroneous application of federal law").  We need not and do not decide whether we would reach the same conclusion as the Ward court.  See Bell v. Jarvis, 236 F.3d 149, 162 n.10 (4th Cir. 2000) ("A federal habeas court may determine that the issue is 'close,' and therefore not unreasonable," as determined by the state court, "without rendering an opinion as to whether [the federal court] would reach the same conclusion if presented with the identical issue on direct appeal ....") (citations omitted).

After an exhaustive review of Kurth Ranch and the other relevant Supreme Court decisions, the district court correctly held that there was "no Supreme Court precedent directly on point," see Quinn v. Haynes, 234 F.3d 837, 846 (4th Cir. 2000) (noting that "when Supreme Court precedent reserves an issue, that precedent cannot represent 'clearly established law' on that issue") (citation omitted), and that Ledford was therefore compelled to show that the state court's adjudication of his claim involved an unreasonable application of federal law, as established by the Supreme Court, to the facts of this case.  See Ledford, 144 F. Supp. 2d at 719.

---

[1]  § 2254(d)(1) entitles a petitioner to habeas relief if a state court decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

5

The district court went on to determine that the state court's decision, in reliance on Ex parte Ward, was not an objectively unreasonable application of federal law because the decision is not inconsistent with other Supreme Court precedent regarding civil penalties imposed prior to criminal prosecution. The district court discussed the Court's decisions in Hudson v. United States, 522 U.S. 93, 95-96 (1997) (holding that civil monetary penalties and occupational debarment imposed on defendant bank officers did not bar subsequent criminal prosecution of those officers), and in United States v. Ursery, 518 U.S. 267, 270-71 (1996) (holding that civil in rem forfeiture proceedings commenced prior to criminal prosecution do not create double jeopardy), and found that these decisions were not inconsistent with Ward.[2] Ledford, 144 F. Supp. 2d at 725.

On appeal, Ledford fails to point to any Supreme Court precedent contrary to the Court of Appeals decision on direct appeal (relying on Ward) affirming Ledford's conviction, and he is no more successful in his claim that the Court of Appeals decision involved an unreasonable application of clearly

---

[2]   We note that the district court further relied on this court's decision in United States v. Sanchez-Escareno, 950 F.2d 193 (5th Cir. 1991), on decisions by Texas appellate courts following Ex parte Ward, as well as on arguably analogous decisions by other state courts. Ledford, 144 F. Supp. 2d at 719-25.  The discussion offers further support for the district court's determination that application of Ex parte Ward was not objectively unreasonable, but the focus of the habeas inquiry remains conflict with federal law established by the Supreme Court.  See Williams, 529 U.S. at 412.

6

established federal law as determined by the Supreme Court. The district court's denial of Ledford's petition for habeas relief is, therefore, affirmed for essentially the reasons given by the district court.

## II. RULE 60(b) MOTION

Ledford contends that the district court erred in denying his motion for reconsideration of the denial of habeas relief, made pursuant to Federal Rule of Civil Procedure 60(b), which he requested in light of this court's decision in <u>Doyle v. Johnson</u>, 235 F.3d 956 (5th Cir. 2000). We have no jurisdiction to review the denial of the Rule 60(b) motion, however, because Ledford failed to timely file any notice of appeal regarding the disposition of that motion. <u>See</u> FED. R. APP. P. 4(a)(B)(ii).[3]

## III. CONCLUSION

For the foregoing reasons, the district court's denial of Ledford's petition for habeas relief is AFFIRMED.

---

[3] We further note that Ledford's reliance on <u>Doyle</u> to characterize the district court's denial of habeas relief as error is unpersuasive. The district court correctly determined that <u>Doyle</u> holds only that, under <u>Ex parte Ward</u> and <u>Sanchez-Escareno</u>, the seizure of a defendant's bank account as payment of a tax <u>subsequent</u> to a criminal prosecution violated the Double Jeopardy Clause, even where the total value of the assets seized in that case failed to satisfy the entire assessment. <u>See</u> <u>Doyle</u>, 235 F.3d at 959. The facts and holding of <u>Doyle</u> do not control the instant case, therefore, and are of limited application to reconsideration of a habeas determination, as Supreme Court precedent controls.