UNITED STATES of America,
Plaintiff–Appellant,

v.

Octavio CORREA–GOMEZ,
Defendant–Appellee.

No. 01–6542.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 5, 2003.

Decided and Filed May 9, 2003.

Charles P. Wisdom, Jr. (briefed), David A. Marye (briefed), U.S. Attorneys, Gregory F. Van Tatenhove (argued), U.S. Attorney, Lexington, KY, for Plaintiff–Appellant.

Steven R. Romines (argued and briefed), Romines, Weis & Young, Louisville, KY, for Defendant–Appellee.

Before: BOGGS and NORRIS, Circuit Judges; BELL, Chief District Judge.*

## OPINION

ALAN E. NORRIS, Circuit Judge.

The United States appeals from an order of the district court dismissing the indictment against defendant, Octavio Correa–Gomez, based upon his allegation of selective prosecution. The indictment charged defendant and his brother, Miguel Correa–Gomez, with encouraging aliens to enter the United States illegally and then harboring them upon their arrival "for the purpose of commercial advantage," which in this case involved working in Mexican restaurants that defendants operated in Kentucky.[1] After reviewing the manner in which immigration violations had been investigated and prosecuted in the Eastern District of Kentucky, the district court concluded that defendant, Octavio Correa–Gomez, had been prosecuted selectively based upon his nationality. *See United States v. Correa–Gomez*, 160 F.Supp.2d 748 (E.D.Ky.2001). In an unpublished appendix to this opinion, we affirm the judgment of the district court on the merits. We write separately here to clarify when a motion for rehearing or reconsideration in a criminal matter is timely filed.

The district court dismissed the indictment with prejudice on August 31, 2001. The government filed a motion on September 19 urging the district court to reconsider its decision. The district court denied that motion on November 30. *See* Memorandum Opinion and Order, Crim.

Action No. 01–32–HRW, E.D. Ky. (November 30, 2001). Although the district court reached the merits of the motion, it first found that the motion was untimely, adopting the ten-day time period prescribed by Federal Rule of Civil Procedure 59(e) for motions to alter or amend. The district court deemed the government's motion to be untimely because it was filed "nineteen days after the entry of the final order dismissing the indictment." Mem. Op., Nov. 30, 2001, at 2.

As a result, defendant contends that the government's notice of appeal is likewise untimely because it was not filed within the thirty-day period prescribed for appeals by the government in criminal cases. Fed. R.App. P. 4(b)(1)(B).

While not precisely on point, two Supreme Court opinions support a contrary conclusion. In *United States v. Dieter*, 429 U.S. 6, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976), the district court dismissed the indictment against defendant on October 4, 1974. On October 16, the government filed a "Motion to Set Aside (the) Order of Dismissal," which the district court denied on November 6. The next day the government appealed. The Tenth Circuit dismissed the appeal as untimely because the notice of appeal had been filed thirty-four days after the initial October 4 dismissal. The Supreme Court reversed, reasoning that "the consistent practice in civil and criminal cases alike has been to treat timely petitions for rehearing as rendering the original judgment nonfinal for purposes of appeal for as long as the petition is pending." *Id.* at 8, 97 S.Ct. 18 (citing *United States v. Healy*, 376 U.S. 75, 78–79, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964)).

The Court reiterated its position in *United States v. Ibarra*, 502 U.S. 1, 112

---

* The Honorable Robert Holmes Bell, Chief United States District Judge for the Western District of Michigan, sitting by designation.

1. Miguel Correa–Gomez, who is not party to this appeal, was also charged with two counts of violating federal firearms statutes.

S.Ct. 4, 116 L.Ed.2d 1 (1991). In that case, the government filed a motion for reconsideration twenty-eight days after the district court granted a motion to suppress. The government's motion was denied twenty-one days later and it filed a notice of appeal twenty-seven days after that. The Tenth Circuit dismissed the appeal as untimely, holding that the government's motion for reconsideration did not "toll" the thirty-day period allowed for appeal. *Id.* at 3, 112 S.Ct. 4. A unanimous Court reversed, once again looking to *Healy* and *Dieter* for the proposition that "a motion for rehearing in a criminal case, like a motion for rehearing in a civil case, renders an otherwise final decision of a district court not final until it decides the petition for rehearing." *Ibarra* at 6, 112 S.Ct. 4. In neither *Dieter* nor *Ibarra* did the Court invoke the limitation period of Civil Rule 59(e), although in each case the government failed to file its motion for rehearing or reconsideration within ten days.

Furthermore, the Court has stated that, "absent a rule specifying a different time limit, a petition for rehearing in a criminal case would be considered timely when filed within the original period for review." *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 268, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (construing *Healy* and *Dieter* and applying Rule 59 to habeas proceedings) (internal punctuation altered). While no Sixth Circuit case has dealt explicitly with this question, several of our sister circuits have found, consistent with *Ibarra*, that a timely motion for reconsideration means that the period for filing an appeal begins to run only after the district court has ruled on the motion for reconsideration. *See, e.g., United States v. Morillo*, 8 F.3d 864, 867 n. 4 (1st Cir.1993).

■ These cases make clear that a timely filed post-judgment motion in a

criminal case precludes the necessity of filing a notice of appeal within the time period prescribed by Fed. R.App. 4(b). Rather, the time allotted for appeal only begins to run once the district court rules upon the motion.

■ In the present case, however, the question is slightly different. Defendant is contending that Rule 59(e) applies and that, therefore, the government's untimely motion does not stop the running of the thirty-day appeal period. Although at least two circuits have applied Rule 59(e) in a quasi-criminal context, *United States v. Martin*, 226 F.3d 1042, 1047 (9th Cir. 2000) (applying ten-day period of Rule 59(e) to a motion for reconsideration in a § 2255 action); *United States v. Clark*, 984 F.2d 31, 34 (2d Cir.1993) (same), we decline to apply the ten-day limitation period imposed by that rule to motions for reconsideration or rehearing filed in criminal cases on direct appeal. *See generally Browder*, 434 U.S. at 269, 98 S.Ct. 556 (explaining that habeas corpus proceedings are civil in nature and therefore the Federal Rules of Civil Procedure apply). Instead, we hold-consistent with *Dieter* and *Ibarra*—that a motion for reconsideration or rehearing of a final judgment in a criminal case must be filed within the period provided by Fed. R.App. P. 4(b)(1) unless the local rules of the district court provide otherwise. Effectively, this means that criminal defendants must file such motions within ten days of the judgment entry, Fed. R.App. P. 4(b)(1)(A)(i), and the government must file such motions within thirty days. Fed. R.App. P. 4(b)(1)(B)(i).

The judgment of the district court is **affirmed** for the reasons outlined in the appendix to this opinion.