United States Court of Appeals
Fifth Circuit

**F I L E D**

September 5, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-60891
Summary Calendar

JACKIE R. HICKS,

    Plaintiff-Appellant,

versus

STATE OF MISSISSIPPI; MISSISSIPPI DEPARTMENT OF CORRECTIONS; ROBERT
L. JOHNSON, COMMISSIONER, MISSISSIPPI DEPARTMENT OF CORRECTIONS;
EDDIE CATES, Acting Warden; ALICE ARNOLD, Sergeant,

    Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:02-CV-201-LN

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Jackie Hicks, Mississippi prisoner # 65534, appeals the

district court's dismissal with prejudice of her 42 U.S.C. § 1983

civil rights complaint for failure to exhaust administrative

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

remedies, as frivolous, and for failure to state a claim for relief.[1] Hicks has also filed a motion for appointment of counsel.

Dismissals for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) are reviewed *de novo*.[2] Hicks argues that she qualifies for an exception to the exhaustion requirement because the grievance procedure is inadequate and complicated. The administrative remedy exhaustion requirement of 42 U.S.C. § 1997e is mandatory regardless of the forms of relief sought or offered through administrative avenues.[3] This court has taken a strict approach to the exhaustion requirement.[4] Nevertheless, we have recognized that an exception to the exhaustion requirement exists for certain defenses such as waiver, estoppel, or equitable tolling.[5]

The record reflects that Hicks did not comply with the Administrative Remedy Procedure (ARP) grievance process. Specifically, the ARP directed her to submit a complaint satisfying numerous prerequisites. Hicks never responded to this directive. Her argument that the grievance process was difficult is

---

[1] 28 U.S.C. § 1915(e)(2)(B)(i),(ii); 42 U.S.C. § 1997e(a).

[2] *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999).

[3] *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003).

[4] *Id.*

[5] *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998).

insufficient to warrant an exception to the exhaustion requirement.[6]

Although the district court's dismissal was proper, it is unclear whether the dismissal was with prejudice with respect to the exhaustion requirement. The court addressed the exhaustion requirement at length in its memorandum opinion of dismissal but it made no mention of this ground in the final judgment. However, the court's final judgment did provide that the § 1915(e)(2)(b)(i) and (ii) dismissal was pursuant to the reasons contained in the memorandum opinion, which encompassed the exhaustion analysis. Because it is unclear whether the dismissal was with prejudice with respect to exhaustion, the judgment of the district court will be affirmed as modified to reflect that the dismissal for failure to exhaust is without prejudice.[7] Because this court is affirming the judgment as modified on this basis, the district court's dismissal of Hicks's complaint for failure to state a claim of relief need not be addressed.[8]

Hicks argues that the district court erred in failing to permit her to amend her complaint. Hicks had filed a "motion for discovery" which the court denied and is properly construed as a Federal Rule of Civil Procedure 60(b)(6) motion. Hicks failed to

---

[6] *See Days*, 322 F.3d at 866.

[7] *See generally Wright*, 260 F.3d at 359.

[8] *See Sojourner T. v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992).

3

file a notice of appeal from the court's order denying her Rule 60(b) motion. Accordingly, this court lacks jurisdiction to review the motion.[9]

For the first time on appeal, Hicks alleges that Arnold discussed the incident with other inmates in an attempt to incite retaliation against her and that the prison manual violated her rights under the Fourteenth Amendment. Hicks is precluded from raising these issues for the first time on appeal.[10]

The judgment of the district court dismissing Hicks's complaint is AFFIRMED as MODIFIED to reflect a dismissal without prejudice for failure to exhaust administrative remedies. Hicks's motion for appointment of counsel is DENIED.

---

[9] *See* FED. R. APP. P. 4(a)(1)(A); *Ledford v. Thomas*, 275 F.3d 471, 475 (5th Cir. 2001), *cert. denied*, 536 U.S. 927 (2002).

[10] *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).