**UNITED STATES of America**

v.

**Angel Manuel PINET, also known as "Jose",**

**Angel M. Pinet, Appellant.**

**No. 09–3061.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Due to a Jurisdictional Defect or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Nov. 13, 2009.

Filed: Jan. 13, 2010.

William A. Behe, Esq., Office of United States Attorney, Harrisburg, PA, for United States of America.

Angel Manuel Pinet, Fort Dix, NJ, pro se.

Before: MCKEE, RENDELL and CHAGARES, Circuit Judges.

## OPINION

### PER CURIAM.

Angel M. Pinet appeals *pro se* from the District Court's June 24, 2009 order that adjusted his sentence pursuant to 18 U.S.C. § 3582(c)(2). Because we conclude that this appeal presents no substantial question, we will summarily affirm. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

### I.

In August 1998, a federal jury convicted Angel M. Pinet of possession with intent to distribute cocaine and cocaine base, conspiracy to distribute, use of a telephone to commit a drug crime, and interstate travel to promote unlawful activity. He was sentenced to 360 months to life on the first two counts, and forty-eight and sixty month terms on counts three and four, to be served concurrently. Pinet filed a motion for a reduction of his sentence for an offense involving cocaine base pursuant to 18 U.S.C. § 3582(c)(2) in May 2008. On June 24, 2009, the District Court amended Pinet's offense level and reduced his sentence on counts one and two to 292 months. His original sentence for the remaining charges remains in effect. Pinet filed his notice of appeal on July 14, 2009.[1]

### II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of a District Court's interpretation of the Sentencing Guidelines is de novo. *See United States v. Sanchez*, 562 F.3d 275, 277–78 (3d Cir.2009). We review a court's ultimate determination of a defendant's motion to reduce sentence under § 3582(c)(2) for abuse of discretion. *See United States v. Mateo*, 560 F.3d 152, 154 & n. 2 (3d Cir.2009).

### III.

Pinet has not explained how the District Court's disposition of his § 3582 motion would constitute an abuse of discretion. The District court reduced Pinet's sentence to 292 months on counts one and two, after determining that the amended guideline range for those counts is 292–365 months. In his § 3582 motion, however, Pinet challenges the sentencing court's original calculation of his offense level, and bases his calculation of an amended guideline range upon what he sees as errors in that initial calculation. Pinet argues that the sentencing court violated his right to due process under *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948) by relying on unreliable and false information contained in the Pre–Sentence Report when it calculated his offense level. These arguments could not be considered by the District Court because they are beyond the scope of § 3582(c)(2). *See United States v. McBride*, 283 F.3d 612, 614–15 (3d Cir.2002). Such a challenge to the validity of a federal conviction or sentence must be brought in a 28 U.S.C. § 2255 motion. *See Davis v. United*

---

1. The majority of Courts of Appeals hold that motions for re-sentencing under § 3582 are criminal in nature. *See, e.g., United States v. Byfield*, 522 F.3d 400, 402 (D.C.Cir.2008); *United States v. Espinosa–Talamantes*, 319 F.3d 1245, 1245–46 (10th Cir.2003); *United States v. Arrango*, 291 F.3d 170, 171–72 (2d Cir.2002). As such, we will treat Pinet's § 3582 motion as criminal in nature for the purposes of computing his time to appeal. Although the notice of appeal initially appeared to be untimely, *see* Fed. R.App. P. 4(b)(1), Pinet asserts that he did not receive the District Court's order until July 7, 2009. He includes the envelope in which the order was sent to him by the District Court, on which someone has written "Received 7–7–09" with a signature that is not Pinet's. Thus, Pinet's notice of appeal, dated July 8, 2009, should be considered filed within the time to appeal. *See United States v. Grana*, 864 F.2d 312, 316 (3d Cir.1989).

*States,* 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974).

### IV.

For the foregoing reasons, we conclude that the appeal presents no substantial question. Accordingly, we will summarily affirm the District Court's judgment. *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.