NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2287
_____

ANGEL MANUEL PINET,
                                        Appellant

v.

DONNA ZICKEFOOSE, Warden, F.C.I. Fort Dix
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 10-cv-00528)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 21, 2010

Before:  SCIRICA, SMITH and VANASKIE, Circuit Judges

(Filed  December  22, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Angel Manuel Pinet, a federal prisoner proceeding pro se, appeals an order of the

United States District Court for the District of New Jersey dismissing his petition for a

writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  For the reasons discussed below, we will affirm the judgment of the District Court.

Because the parties are familiar with Pinet's extensive efforts to obtain post-conviction relief, we merely summarize the background relevant to our consideration of the issues presented.  Pinet was convicted by a federal jury in December 1998 of multiple drug offenses.  He was sentenced to 360 months of imprisonment.  We affirmed Pinet's conviction and sentence.  The District Court denied Pinet's motion under 28 U.S.C. § 2255, and we denied a certificate of appealability.  Thereafter, Pinet unsuccessfully sought authorization to file second or successive § 2255 motions.  In June 2009, the District Court granted Pinet's motion under 18 U.S.C. § 3582(c), reducing his sentence by 68 months.  Pinet appealed, challenging the sentencing court's original calculation of his base offense level under the Sentencing Guidelines.  We summarily affirmed the District Court's order, concluding that Pinet's argument could only be brought in a § 2255 motion.  See United States v. Pinet, 361 F. App'x 382, 383 (3d Cir. 2010).  Consequently, Pinet submitted another application to file a second or successive § 2255 motion, which we denied.

Pinet also filed in the District Court the instant motion under § 2241.  He again argued that the sentencing court "miscalculated" his base offense level.  Pinet asserted that he was entitled to have his claim heard under § 2241 because he was challenging the duration of his confinement.  The District Court dismissed the § 2241 petition for lack of

jurisdiction, concluding that Pinet had failed to demonstrate that § 2255 is inadequate or ineffective such that he should be allowed to proceed under § 2241. Pinet appealed. He has filed a "Motion for Expedited Appeal," suggesting that, based on his calculation, his proper release date is approaching. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

A § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A habeas petitioner can seek relief under § 2241 only if the remedy provided by § 2255 is "inadequate or ineffective" to test the legality of his detention. See Dorsainvil, 119 F.3d at 249-51. A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief, Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251). Pinet has not demonstrated such a limitation in § 2255's scope or

3

procedure here. His § 2241 petition raises claims which could have been presented in a motion pursuant to § 2255.

Accordingly, we will affirm the judgment of the District Court.[1]

---

[1] Pinet's "Motion for Expedited Appeal" is denied.