**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAYMAN BORHAN, | No. 11-55101 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-06278-CAS-SH |
| v. | |
| KATHLEEN ALLISON, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted July 9, 2013
Pasadena, California

Before: BENAVIDES,[**] BYBEE, and NGUYEN, Circuit Judges.

Payman Borhan, an inmate of the California Department of Corrections and

Rehabilitation, appeals the district court's denial of relief sought pursuant to Rule

60(b)(6) of the Federal Rules of Civil Procedure. Borhan sought relief from the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

district court's denial of his 28 U.S.C. § 2254 application for a writ of habeas corpus, which was untimely filed due to his counsel's error. We granted Borhan a certificate of appealability ("COA") to decide "whether the district court abused its discretion in denying appellant's motion for relief from judgment under [Rule] 60(b) based on federal habeas counsel's alleged misconduct." The COA also ordered counsel, Lisa M. Bassis, to "show cause why the court should not impose sanctions or initiate disciplinary proceedings against her."

The issue presented is whether the district court should have held a hearing to determine whether the facts surrounding Ms. Bassis's untimely filing of Borhan's § 2254 petition created an "extraordinary circumstance" warranting equitable tolling pursuant to *Holland v. Florida*, 130 S. Ct. 2549 (2010). Because Borhan's allegations are suggestive of extraordinary circumstances, we vacate the judgment and remand the case to the district court to hold an evidentiary hearing.

We first address the State's argument that we lack jurisdiction over this appeal. Borhan requested a COA with respect to the district court's November 1, 2010 and December 9, 2010 orders denying Rule 60(b) relief. The COA, which referred to Borhan's "motions," encompassed both the November 1 and December 9 orders. Therefore, our review of both orders does not exceed the scope of the COA. *See Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir. 1999). Borhan also

2

filed notices of appeal from the November 1 and December 9 orders within thirty days, thus making the notices of appeal timely. *See* FED. R. APP. P. 4(a)(1)(A). Since there are no pending motions with respect to the orders, the district court does not retain jurisdiction over them. *See* FED. R. APP. P. 4(a)(4)(B)(i).

As to the primary issue on appeal, Borhan is entitled to an evidentiary hearing on his equitable tolling claim if he has made "a good-faith *allegation that would, if true*, entitle him to equitable tolling." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (internal quotation marks omitted). In *Holland*, the Supreme Court held that an attorney's professional misconduct could, in some cases, "amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling." 130 S. Ct. at 2563. The Ninth Circuit has applied a similar "egregious" misconduct standard both before and after *Holland*. *See Towery v. Ryan*, 673 F.3d 933, 936 (9th Cir. 2012); *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003).

In his motions filed in the district court, Borhan alleged that Ms. Bassis engaged in grossly negligent behavior warranting equitable tolling. Beyond the uncontested fact that Bassis filed an untimely § 2254 petition based on her reliance on out-of-circuit case law directly contradicting Ninth Circuit case law, *compare White v. Klitzkie*, 281 F.3d 920 (9th Cir. 2002), *with Abela v. Martin*, 348 F.3d 164

3

(6th Cir. 2003) (en banc), *overruled by Lawrence v. Florida*, 549 U.S. 327 (2007), Borhan alleged, in addition to other misconduct, that Bassis ignored his communications questioning her calculation of the filing deadline and asking her to conduct additional research. *See* ER 92, 103–10, 138, 211–12. Bassis filed a declaration in the district court explaining her reliance on *Abela*, but that declaration does not address Borhan's subsequent allegations of misconduct. In response to this court's show-cause order, Bassis also filed two statements vigorously denying Borhan's allegations, but these statements were not before the district court and thus cannot be considered in reviewing the court's denial of Rule 60(b) relief. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Based only on the record before the district court, and assuming Borhan's allegations are true, we conclude that Bassis's conduct suggests that extraordinary circumstances existed to support granting equitable tolling. Accordingly, Borhan is entitled to an evidentiary hearing on his allegations to determine if he is, in fact, eligible for equitable tolling. *See Roy*, 465 F.3d at 969; *see also Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) ("Because determinations of . . . whether there are grounds for equitable tolling are highly fact-dependent, and because the district court is in a better position to develop the facts and assess

4

their legal significance in the first instance, we believe the best course is to remand to the district court for appropriate development of the record.").

We defer consideration of sanctions or disciplinary action until after the district court's hearing. This panel does not retain jurisdiction over the post-hearing decision regarding sanctions and disciplinary proceedings. All other pending motions are denied.

**VACATED AND REMANDED.**