RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 16a0077p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 14-2295

GREGORY BROWN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:92-cr-81127—Avern Cohn, District Judge.

Decided and Filed: March 30, 2016

Before: COLE, Chief Judge; SUTTON and DONALD, Circuit Judges.

───────────────

**COUNSEL**

**ON MOTION TO DISMISS:** Patricia Gaedeke, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee. **ON BRIEF:** Gregory Brown, Edgefield, South Carolina, pro se.

───────────────

**OPINION**

───────────────

SUTTON, Circuit Judge. Gregory Brown, a frequent filer, presents us with two motions: a Civil Rule 60(d) motion for reconsideration of an earlier motion for relief from judgment and an 18 U.S.C. § 3582(c) sentence-reduction motion. The district court denied both of them. Brown appeals, but the government moves to dismiss the appeal, arguing that Brown filed his notice of appeal too late. The Federal Rules of Appellate Procedure give Brown sixty days to appeal the Rule 60(d) denial and fourteen days to appeal the § 3582(c) denial. Because Brown

1

satisfied the former but not the latter time limit, we hold that Brown may appeal the Rule 60(d) decision but not the § 3582(c) one.

In 1996, a federal jury found Gregory Brown guilty of an assortment of crimes, including conspiracy to distribute cocaine, carrying a firearm in relation to a drug trafficking crime, and aiding and abetting an intentional killing. *See United States v. Brown*, 221 F.3d 1336, 2000 WL 876382, at *1 (6th Cir. 2000) (unpublished table disposition). We affirmed his convictions and his sentence, *id.* at *15, and the Supreme Court denied certiorari, *Brown v. United States*, 531 U.S. 1057 (2000) (mem.). Since then, Brown has mounted a host of attacks on his convictions and sentence, all to no avail. One of those challenges was a 28 U.S.C. § 2255 motion, which the district court denied in 2002.

On June 10, 2014, Brown filed the first motion at issue in this appeal. Invoking Civil Rule 60(d), Brown asked the district court to reconsider a prior decision related to Brown's § 2255 motion, rejected twelve years earlier. The district court denied the Rule 60(d) motion on July 30, 2014. On August 15, Brown asked the court to vacate that decision, which the district court declined to do on August 28.

Meanwhile, on June 11, 2014, Brown filed the second motion at issue in this appeal, asking the district court to reduce his sentence under 18 U.S.C. § 3582(c). The district court denied the motion on July 30, 2014. On October 1, Brown filed a notice of appeal challenging this decision *and* the court's August 28 decision related to the Rule 60(d) motion. *See* Fed. R. App. P. 4(c)(1).

The government asks us to dismiss Brown's appeal as untimely. Because Brown's appeal challenges two different motions and because different time deadlines govern each motion, we address them separately.

*The Civil Rule 60(d) motion.* Brown's Civil Rule 60(d) motion comes with a sixty-day deadline for filing a notice of appeal if the civil deadline (rather than the criminal one) applies. *See* Fed. R. App. P. 4(a)(1)(B)(i). The civil deadline is the right one for several reasons.

We subject § 2255 motions, for starters, to the civil deadline for filing a notice of appeal. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013). That's because the Habeas Rules tell us that the Civil Rules "may be applied to a [§ 2255] proceeding." *Rules Governing Section 2255 Proceedings for the United States District Courts*, Rule 12. It makes sense, then, that in a case like this one—where the Rule 60 motion attacks the validity of the district court's prior § 2255 decision, *see Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)—the civil deadline applies.

Because *Civil* Rule 60 motions are available in this setting, moreover, the *civil* appeal deadlines naturally apply. "If . . . the order appealed from is civil in nature," the Ninth Circuit has explained, "the civil notice of appeal provision set out in [Appellate] Rule 4(a) will apply, even if the order arises from a criminal proceeding." *United States v. Ono*, 72 F.3d 101, 102 (9th Cir. 1995) (per curiam). As we have said before, though in a context outside of habeas or sentencing, "[Appellate Rule] 4(a) governs civil-type appeals in criminal cases." *United States v. Perry*, 360 F.3d 519, 523 (6th Cir. 2004).

We are not alone in reaching this conclusion. Our sister circuits all apply the civil appeal deadline in cases like this one. *See, e.g.*, *Ledford v. Thomas*, 275 F.3d 471, 475 (5th Cir. 2001); *Manco v. Werholtz*, 528 F.3d 760, 761–62 (10th Cir. 2008); *see also United States v. Shifflett*, 9 F. App'x 272, 273 (4th Cir. 2001) (per curiam); *United States v. Moore*, 29 F.3d 623, 1994 WL 395070, at *2 (5th Cir. 1994) (unpublished table disposition); *Borhan v. Allison*, 541 F. App'x 740, 741 (9th Cir. 2013). No circuits to our knowledge come out the other way.

Because the sixty-day civil deadline applies to Brown's Civil Rule 60(d) motion, he filed a timely notice of appeal. The district court issued its decision on July 30. On August 15, Brown asked the court to vacate that decision, and we construe his request as a motion to amend the judgment under Civil Rule 59(e). *See Peake v. First Nat'l Bank & Trust Co. of Marquette*, 717 F.2d 1016, 1018–19 (6th Cir. 1983). A ruling on a timely filed Rule 59(e) motion restarts the civil deadline for filing a notice of appeal, Fed. R. App. P. 4(a)(4)(A)(iv), which means that Brown's sixty days did not begin until the district court denied his Rule 59(e) motion on August 28. Brown filed his October 1 notice of appeal well within that sixty days, making it timely.

*The § 3582(c) motion.* Unlike his Rule 60(d) motion, Brown's § 3582(c) motion is a criminal motion, which means that the fourteen-day deadline for filing a notice of appeal in a criminal case applies. *See* Fed. R. App. P. 4(b)(1)(A). A § 3582(c) motion "is not a civil post-conviction action, but rather a continuation of a criminal case." *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (per curiam) (collecting cases). Unlike Civil Rule 60, located firmly in the Civil Rules, § 3582(c) is found in Title 18 of the United States Code, which covers "Crimes and *Criminal* Procedure" (emphasis added). "Because [its] purpose . . . is to ask the sentencing court to reduce a sentence in light of changes to the Sentencing Guidelines," a § 3582(c) motion "is part of the defendant's criminal proceeding." *United States v. Byfield*, 522 F.3d 400, 402 (D.C. Cir. 2008) (per curiam).

Each of the nine circuits to consider the question agrees. *See United States v. Arrango*, 291 F.3d 170, 171–72 (2d Cir. 2002) (per curiam); *United States v. Goodwyn*, 596 F.3d 233, 235 n.* (4th Cir. 2010); *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000) (per curiam); *United States v. Petty*, 82 F.3d 809, 810 (8th Cir. 1996) (per curiam); *Ono*, 72 F.3d at 102–03; *United States v. Espinosa-Talamantes*, 319 F.3d 1245, 1245–46 (10th Cir. 2003); *Fair*, 326 F.3d at 1318; *Byfield*, 522 F.3d at 402; *see also United States v. Pinet*, 361 F. App'x 382, 383 n.1 (3d Cir. 2010) (per curiam). In at least one unpublished opinion, we have already agreed with them. *See United States v. Damon*, 59 F. App'x 619, 621 (6th Cir. 2003) (per curiam).

Under the fourteen-day criminal appeal deadline, Brown did not timely file this part of his notice of appeal. The district court denied Brown's § 3582(c) motion on July 30, 2014, and Brown waited over two months to file his notice of appeal. That was late. And that was so even though Brown filed motions to reconsider and vacate the court's decision on his § 3582(c) motion before he filed the notice of appeal. Those motions do not toll the time or restart the clock for filing a notice of appeal under the relevant *criminal* appeal deadline. *See* Fed. R. App. P. 4(b)(3). Because the government has raised the issue of the late filing, *see United States v. Gaytan-Garza*, 652 F.3d 680, 681 (6th Cir. 2011) (per curiam), and because Brown has not met any of the Appellate Rule 4(b) requirements for filing a late notice of appeal, *see, e.g.*, Fed. R. App. P. 4(b)(3), (4), we dismiss his appeal of the § 3582(c) motion.

For these reasons, we deny the government's request to dismiss Brown's appeal as it relates to his Rule 60(d) motion, but we grant its request to dismiss Brown's appeal as it relates to his § 3582(c) motion.