**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3715
_____

UNITED STATES OF AMERICA


v.

JESSE CROSBY,
                                   Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1:10-cr-00086-001)
District Judge:  Honorable Christopher C. Conner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 22, 2016
Before:  AMBRO, GREENAWAY, JR. and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 16, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jesse Crosby, a federal prisoner proceeding pro se, appeals the District Court's order denying his motion requesting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, we will affirm.

I.

Crosby pleaded guilty to one count of distribution and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841. After reviewing the Presentence Investigation Report (PSR), the District Court determined that Crosby qualified as a career offender under the U.S. Sentencing Guidelines. Under that designation, Crosby's sentencing range was 151 months to 188 months. After considering the arguments of the parties, Crosby's allocution, and the sentencing factors under 18 U.S.C. § 3553(a), the District Court determined that a 21-month downward variance was appropriate and sentenced Crosby to 130 months in prison.

In November 2014, Crosby filed a motion under 18 U.S.C. § 3582(c)(2). He sought to have his sentence reduced based on Amendment 782 to the U.S. Sentencing Guidelines, which lowered by two the base offense assigned to particular drug quantities. The District Court denied Crosby's motion, and he appeals.[1] In his brief, Crosby claims

---

[1] The order denying Crosby's motion to reduce or modify his sentence was entered on October 14, 2015. He had 14 days, or until October 28, 2015, to file a notice of appeal. See Fed. R. App. P. 4(b)(1)(A); United States v. Brown, 817 F.3d 486, 488-89 (6th Cir. 2016). Crosby, however, did not file his notice of appeal until November 3, 2015. See Houston v. Lack, 487 U.S. 266, 276 (1988). Nevertheless, we decline to dismiss this appeal as untimely because the time requirements of Federal Rule of Appellate Procedure 4(b) are not jurisdictional, see Gov't of the V.I. v. Martinez, 620 F.3d 321, 328-29 (3d Cir. 2010), and the Government has not sought to dismiss the appeal on that basis.

that he was not sentenced based on the career offender guideline. The Government disputes this claim and argues that Crosby is not entitled to a sentence reduction under Amendment 782. We agree with the arguments put forward by the Government.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We generally review a district court's denial of a motion for reduction of sentence under § 3582(c)(2) for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). When a district court concludes that a defendant is not eligible for relief under § 3582(c)(2), however, our review is plenary. United States v. Weatherspoon, 696 F.3d 416, 421 (3d Cir. 2012).

## III.

A district court generally cannot modify a term of imprisonment once it has been imposed, but a defendant may be eligible for a reduction pursuant to 18 U.S.C. § 3582(c) under certain circumstances. Section 3582(c) allows for a reduction if: (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); United States v. Flemming, 723 F.3d 407, 410 (3d. Cir. 2013).

Crosby fails to meet either of § 3582(c)(2)'s criteria. First, Crosby's sentence was based on the career offender guideline, not a sentencing range that has subsequently been lowered. Specifically, the District Court varied from the low-end of the guideline range

3

after determining Crosby was a career offender, and Crosby's argument that he was not sentenced based on the career offender guideline is belied by the record.

Crosby also fails to meet § 3582(c)(2)'s second criterion, as a reduction in his sentence would not be "consistent with the applicable policy statements issued by the Sentencing Commission." The relevant "applicable policy statement[]" makes clear that a reduction in a sentence following a retroactive Guidelines amendment is inconsistent with the Commission's policy statements unless the amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Thus, the "question here is whether amendments to the… guidelines… have the effect of lowering the 'applicable guideline range' of a defendant subject to the career offender designation," who received a downward departure or variance. Flemming, 723 F.3d at 410.

The Sentencing Guidelines define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A). As in Flemming, the "applicable guideline range" is "the range calculated pursuant to the career offender designation of § 4B1.1, and not the range calculated after applying any departure or variance." 712 F.3d at 412. The fact that Crosby received a downward variance from the career offender guideline does not change the applicable range under which his sentence was calculated. See id.

4

IV.

For the foregoing reasons, we will affirm the District Court's order denying

Crosby's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).