NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0315n.06

No. 16-6724

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 07, 2017
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE EASTERN DISTRICT OF |
| BRANDON L. MILLER, | ) TENNESSEE |
| | ) |
| Defendant-Appellant. | ) |

BEFORE: GIBBONS, ROGERS, and DONALD, Circuit Judges.

PER CURIAM. Brandon L. Miller appeals the district court's order denying his motion for reconsideration of the denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). As set forth below, we dismiss Miller's appeal for lack of jurisdiction.

Miller pleaded guilty to conspiracy to distribute and possess with intent to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. Miller admitted responsibility for 1,260 30-milligram oxycodone pills and 630 15-milligram oxycodone pills, the equivalent of approximately 317 kilograms of marijuana, which corresponded to a base offense level of 26 under the 2011 guidelines. Based on a total offense level of 23 and a criminal history category of VI, the district court calculated Miller's guidelines range as 92 to 115 months of

imprisonment. The district court sentenced Miller to 96 months of imprisonment followed by three years of supervised release.

In 2014, Miller filed a pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the sentencing guidelines, which amended USSG § 2D1.1's drug quantity table to reduce the base offense level for most drug offenses by two levels. Miller asserted that a two-level reduction resulted in a guidelines range of 77 to 96 months of imprisonment and asked the district court to reduce his sentence to 77 months. The district court appointed counsel, who filed a supplemental motion on Miller's behalf. In response, the government agreed that Miller was eligible for a sentence reduction and that his amended guidelines range was 77 to 96 months of imprisonment. The government pointed out Miller's disciplinary infractions for committing mail abuse and using drugs, and deferred to the district court's discretion whether and to what extent to reduce his sentence. Acknowledging Miller's eligibility for a sentence reduction, the district court denied his motion after considering his post-sentencing conduct and the sentencing factors under 18 U.S.C. § 3553(a). In concluding that no reduction was appropriate, the district court noted Miller's prison disciplinary record, particularly his use of Suboxone while in custody, and his substantial criminal history. Three months later, Miller filed a motion for reconsideration, asserting that his disciplinary infractions were non-violent and that he had been incident-free since entering the Residential Drug Abuse Program. The district court denied Miller's motion, again concluding that no reduction was appropriate. This appeal followed.[1]

---

[1] Miller's § 3582(c)(2) motion for a sentence reduction is considered a continuation of his criminal case and is therefore subject to the fourteen-day deadline for filing a notice of appeal. *United States v. Brown*, 817 F.3d 486, 488-89 (6th Cir. 2016); *see* Fed. R. App. P. 4(b)(1)(A). A motion for reconsideration in a criminal case must be filed within the fourteen-day period for filing an appeal. *United States v. Correa-Gomez*, 328 F.3d 297, 299 (6th Cir. 2003). Miller filed

"A district court may modify a defendant's sentence only as authorized by statute." *United States v. Watkins*, 625 F.3d 277, 280 (6th Cir. 2010). Pursuant to § 3582(c)(2), when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," the district court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The statute establishes a two-step approach: (1) the court must first determine whether the defendant is eligible for a sentence reduction, and (2) if the defendant is eligible, "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson*, 714 F.3d 946, 948-49 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

Miller contends that the district court's denial of his motion for a sentence reduction at the second step should be reviewed for reasonableness under *United States v. Booker*, 543 U.S. 220 (2005). According to Miller, the district court's decision was procedurally unreasonable because the district court failed to provide an adequate explanation and substantively unreasonable because the district court gave an unreasonable amount of weight to certain factors. As the government points out, our jurisdiction to consider the appeal of a § 3582(c)(2) determination comes from 18 U.S.C. § 3742, which authorizes our review "only where the resulting sentence '(1) was imposed in violation of law; (2) was imposed as a result of an

his motion for reconsideration three months after the denial of his motion for a sentence reduction. Miller's untimely motion for reconsideration did not toll the time or restart the clock for filing a notice of appeal. *See Brown*, 817 F.3d at 489. Because Rule 4(b)(1)'s appeal deadline is not jurisdictional, "we are not required to dismiss late-filed criminal appeals unless the government has raised the issue," *United States v. Gaytan-Garza*, 652 F.3d 680, 681 (6th Cir. 2011), which the government has not done in Miller's case. .

incorrect application of the sentencing guidelines; (3) is greater than the sentence specified in the applicable guideline range; or (4) was imposed for an offense for which there is no guideline and is plainly unreasonable.'" *United States v. Bowers*, 615 F.3d 715, 723 (6th Cir. 2010) (quoting *United States v. Moran*, 325 F.3d 790, 792 (6th Cir. 2003)). We have held, as Miller concedes, that "a defendant's allegation of *Booker* unreasonableness in a § 3582(c)(2) proceeding does not state a cognizable 'violation of law' that § 3742(a)(1) would authorize us to address on appeal." *Id.* at 727. Miller argues that we should reconsider our holding in *Bowers*, citing cases from outside this circuit. But we will not overrule a prior published decision of a panel. *See United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996). Miller makes no other argument regarding the denial of his motion for a sentence reduction.

Accordingly, we **DISMISS** Miller's appeal for lack of jurisdiction.