**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0712n.06

Case No. 20-3991

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

Dec 21, 2020

DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| v. | ) COURT FOR THE NORTHERN |
| | ) DISTRICT OF OHIO |
| MICHAEL MACK, | ) |
| | ) **O P I N I O N** |
| Defendant-Appellant. | ) |

BEFORE: BATCHELDER, MOORE, and BUSH, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** Michael Mack is in prison for conspiring with intent to distribute crystal methamphetamine. After the onset of Covid-19, he filed a motion for compassionate release because he suffers from a number of risk factors that place him at greater risk of serious health complications from Covid-19. The district court denied his compassionate release motion. After that denial, Mack requested two extensions of time to file a notice of appeal, which the district court granted. Then, within the time permitted by the second extension, Mack instead filed a motion for reconsideration in light of a new Bureau of Prisons recidivism assessment that concluded that Mack is eligible for home confinement. The district court denied his motion for reconsideration as untimely. Mack appeals that decision.

We review denial of a motion for compassionate release for an abuse of discretion. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020). A court inherently abuses its discretion

when it makes a legal error. *Id.* Before us, the parties agree that the district court's decision was legally erroneous. They are correct.

Although the Federal Rules of Criminal Procedure do not authorize motions for reconsideration, the Supreme Court determined many years ago that defendants may file them. *United States v. Healy*, 376 U.S. 75, 78 (1964). When they do so, the motion is timely as long as it is filed within the time period allowed for a notice of appeal. *United States v. Correa-Gomez*, 328 F.3d 297 (6th Cir. 2003) (citing *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 268 (1978)); *United States v. Wooley*, No. 16–3925, 2017 WL 3613318, at *2 (6th Cir. Feb. 28, 2017). Here, Mack filed his motion for reconsideration within the extended time the district court had allowed for filing a notice of appeal, so the motion for reconsideration was timely.

Accordingly, we vacate and remand for the district court to address the motion for reconsideration in the first instance.