RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0342p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

ARTHUR DUANE PAYTON,

*Defendant-Appellant*.

No. 20-1811

On Motion to Dismiss
United States District Court for the Eastern District of Michigan at Detroit.
No. 2:12-cr-20043-1—Denise Page Hood, Chief District Judge.

Decided and Filed:  October 28, 2020

Before:  SILER, MOORE, and BUSH, Circuit Judges.

_____

## COUNSEL

**ON MOTION:**  Douglas C. Salzenstein, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee.  **ON RESPONSE:**  Arthur Duane Payton, Bruceton Mills, West Virginia, pro se.

_____

## ORDER

_____

On July 24, 2020, the district court entered an order denying Arthur Duane Payton's motion for compassionate release or a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A).  A notice of appeal from the July 24 order, dated August 9, 2020, was filed in the district court on August 10, 2020.  The government has filed a motion to dismiss the appeal as untimely.

A defendant's notice of appeal in a criminal case must be filed in the district court no later than fourteen days after the challenged judgment or order is entered. Fed. R. App. P. 4(b)(1)(A). A § 3582(c) motion is considered to be a continuation of the criminal proceedings and, accordingly, the fourteen-day period for filing a notice of appeal applies. *See United States v. Brown*, 817 F.3d 486, 488 (6th Cir. 2016).

Unlike in a civil case, the deadline in Rule 4(b)(1)(A) for a defendant to file a notice of appeal is not jurisdictional. *See Brown*, 817 F.3d at 489; *United States v. Gaytan-Garza*, 652 F.3d 680, 681 (6th Cir. 2011) (per curiam). Rather, the filing deadline is a claims-processing rule, and the government can waive an objection to an untimely notice of appeal in a criminal case. *See Brown*, 817 F.3d at 489; *Gaytan-Garza*, 652 F.3d at 681. But if the government raises the issue of timeliness, we must enforce the time limits of Rule 4(b). *Brown*, 817 F.3d at 489; *Gaytan-Garza*, 652 F.3d at 681. The government has properly raised the timeliness issue by filing a motion to dismiss.

In response to the government's motion to dismiss, Payton asserts that he always intended to file a timely notice of appeal, but the prison has been "on an institution-wide lockdown and getting copies in this environment is problematic." He requests that he be allowed to file a belated appeal due to excusable neglect.

Rule 4(b)(4) authorizes the district court to extend the time in which a party may appeal for up to thirty days from the end of the fourteen-day appeal period provided in Rule 4(b)(1)(A). However, the court must find "good cause" or "excusable neglect" for the failure to timely file a notice of appeal.

The Second Circuit has held that if a criminal defendant files a notice of appeal after the expiration of the appeal period provided for in Rule 4(b)(1)(A), but before the end of the additional thirty-day period, "the district court should treat the notice as a request for an extension" of time to file. *United States v. Batista*, 22 F.3d 492, 493 (2d Cir. 1994) (per curiam). The Second Circuit based its holding on the following: first, that unlike Rule 4(a)(5), which pertains to requests for extensions of time to file notices of appeal in civil cases, Rule 4(b)(4) "does not require formal motion practice," and second, that the belatedly-filed notice of appeal,

while not explicitly requesting an extension, "indicates to the district court the defendant's intention and desire to appeal." *Id.* "[I]n this context the only practical difference between a formal motion and a notice of appeal is that the latter normally will not contain a proffer of excusable neglect. Allowing the district court to receive that proffer at a later point does no violence to either the letter or spirit of Rule 4(b)." *Id.* The Second Circuit's analysis, which, as it noted, accords with that of other circuits, is persuasive. *See also, e.g.*, *United States v. Espinosa-Talamantes*, 319 F.3d 1245, 1246-47 (10th Cir. 2003).

Because Payton's notice of appeal was filed after the fourteen-day appeal period but within the next thirty days, we **REMAND** the case to the district court for the limited purpose of allowing the court to determine whether Payton has shown excusable neglect or good cause warranting an extension of the appeal period. Following this limited remand, the record as supplemented will be returned to this court for further consideration. We defer ruling on the government's motion to dismiss pending the limited remand.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk