DLD-080                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3105
_____

UNITED STATES OF AMERICA

v.

KADEEM THOMAS,
                                    Appellant

_____

On Appeal from the District Court
of the Virgin Islands
(D.V.I. Crim. No. 3:12-cr-00002-003)
District Judge: Honorable Robert A. Molloy

_____

Submitted for Possible Dismissal as Untimely Under Federal Rule of Appellate
Procedure 4(b)(1) and for Possible Summary Action Pursuant to Third Circuit LAR 27.4
and I.O.P. 10.6
January 28, 2021
Before:  JORDAN, KRAUSE, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  February 5, 2021)
_____

OPINION\*
_____

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Kadeem Thomas is a federal inmate currently confined at FCI Yazoo City Low in Mississippi. Thomas appeals from an order denying his COVID-19-based motion for compassionate release. We will affirm.

## I.

A jury sitting in the District Court of the Virgin Islands found Thomas guilty of Hobbs Act conspiracy, bank robbery, and possession of a firearm during the commission of a crime of violence. He received concurrent 60-month sentences for the conspiracy and bank robbery convictions, and a consecutive, mandatory-minimum sentence of 84 months for the firearm conviction. Thomas's direct appeal, see United States v. Browne, 525 F. App'x 213 (3d Cir. 2013), and first motion under 28 U.S.C. § 2255(a), see United States v. Thomas, C.A. No. 17-3261 (3d Cir. April 30, 2018), were unsuccessful.[1]

In April 2020, Thomas filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), based on the proliferation of COVID-19. The District Court denied the motion without prejudice, for failure to exhaust administrative remedies.

Thomas refiled his motion soon after. He cited COVID-19 statistics for Yazoo City Low and the BOP generally. He noted that he had served 8 years of a 12-year sentence, that he had a clean disciplinary record while in prison, and that he had plans for future employment (a job with a trucking company) and residency (with his mother).

---

[1] Thomas is projected to be released next year, on June 11, 2022.

Thomas also claimed to have a medical condition worthy of consideration, though he did not elaborate as to what that condition might be.

In response, the Government filed an opposition outlining at length the steps the BOP has taken to control the spread of COVID-19 in federal prisons. It also argued, consistent with the coda in United States v. Raia, 954 F.3d 594 (3d Cir. 2020), that no relief is due because "Thomas claims no medical or health conditions" and "[i]n effect" contends "that the pandemic itself justifies his release. The success of such an argument would necessitate the wholescale release of the entire federal prison population." DC ECF No. 191 at 6.

Thomas replied, arguing that COVID-19 rates had been particularly high at Yazoo City Low. Thomas did not refute the Government's assertion that he failed to identify a medical or other reason why he might be more susceptible to infection than any other BOP inmate; instead, he gathered a handful of anecdotes of seemingly healthy people catching and succumbing to the virus.

The District Court agreed with the Government's arguments and denied relief by order entered on September 15, 2020. See DC ECF No. 194. The District Court explained that it was Thomas's "burden to show he is entitled to a sentence reduction pursuant to Section 3582(c)(1)," and that he had not shouldered that burden. DC ECF No. 193 at 4. Relying on Raia, the District Court determined that Thomas failed to demonstrate "any extraordinary or compelling reasons to reduce his sentence." DC ECF No. 193 at 5. The

3

District Court determined as well that, even if Thomas had advanced a compelling basis for relief, he nevertheless failed to address the Sentencing Commission's policy statement concerning an inmate's dangerousness and "whether a reduction in his sentence would be consistent with the factors set forth in 18 U.S.C. § 3553(a)." DC ECF No. 193 at 5. This appeal followed.[2]

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the District Court's order denying Thomas's motion for compassionate release. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "An abuse of discretion exists when the decision rests 'on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" Hope v. Warden York Cnty. Prison, 972 F.3d 310, 320 (3d Cir. 2020) (citation omitted).

## III.

Section 3582(c)(1)(A)(i) authorizes compassionate release based on an "extraordinary and compelling" reason. We agree with the District Court that Thomas's motion was not supported by such a reason.

---

[2] Section 3582(c) is considered part of a litigant's criminal proceedings, so the fourteen-day appeal window set forth in Fed. R. App. P. 4(b)(1)(A) applies. See United States v. Payton, 979 F.3d 388, 389-90 (6th Cir. 2020) (per curiam order); cf. United States v. Chapple, 847 F.3d 227, 228 (5th Cir. 2017). Thomas's notice of appeal is dated September 25, 2020, see DC ECF No. 195, and he has sworn under penalty of perjury that that was the date of the document's transmission to the prison mailing system, see Doc. 5. Thomas's appeal of the District Court's September 15, 2020 order is timely. See

In Raia, we observed that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." 954 F.3d at 597. In other words, an inmate must point to something more than the existence of COVID-19. Before the District Court, however, Thomas identified no reason why, despite the BOP's efforts to control the virus, he is more vulnerable to it than other inmates. Cf. Pawlowski, 967 F.3d at 330. Additionally, the District Court noted that at the time of its decision there were no active cases of COVID-19 at Yazoo City Low.[3]

For those reasons, we cannot say that the District Court abused its discretion in denying relief. Accordingly, we will affirm the judgment below. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018).[4]

---

Houston v. Lack, 487 U.S. 266, 276 (1988).

[3] A more recent review of the BOP's website reveals seven active cases: two inmates and five staff. See https://www.bop.gov/coronavirus/ (last visited January 27, 2021).

[4] As noted above, in addition to the required demonstration of an "extraordinary and compelling" reason for release under § 3582(c)(1)(A)(i), an inmate seeking compassionate release must merit a favorable assessment using the § 3553(a) factors and the Sentencing Commission's applicable policy statements. See Pawlowski, 967 F.3d at 329 & n.6. While the District Court's determination under § 3582(c)(1)(A)(i) is correct and dispositive, we note that our affirmance should not be interpreted to suggest agreement with the District Court's alternative determination that Thomas failed to address any of the § 3553(a) factors. Cf. id. at 331 (indicating that the time remaining on a prisoner's sentence is a relevant consideration in determining whether the § 3553(a) factors support a grant of compassionate release).