NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1749
_____

UNITED STATES OF AMERICA

v.

JAMES BERNARD ARMSTRONG, JR.,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-11-cr-00089-001)
District Judge:  Honorable Christopher C. Conner

_____

Submitted for Possible Dismissal Due to Lack of Timely Filing
and on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 15, 2021

Before: AMBRO, SHWARTZ and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 27, 2021)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Federal prisoner James Armstrong, Jr. appeals from an order of the District Court denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance. For the following reasons, we will affirm.

In 2011, Armstrong was convicted of three counts of drug and firearm offenses related to his leadership of an extensive drug-trafficking operation. He was sentenced to the aggregate mandatory minimum of 180 months in prison.

In May 2020, Armstrong filed a pro se motion for compassionate release. See generally 18 U.S.C. § 3582(c)(1)(A)(i) (providing that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction"). He argued, among other things, that his medical conditions (including Graves' disease and pre-diabetes) rendered him especially vulnerable to COVID-19 at FCI Schuylkill, where he is presently incarcerated. After appointing Armstrong counsel, the District Court denied his motion, determining (1) that his medical conditions, even in the context of the pandemic, did not constitute extraordinary and compelling circumstances; (2) that there was not a strong likelihood that he would be exposed to COVID-19 at the prison; and (3) that the 18 U.S.C. § 3553(a) factors weighed against his release.

In September 2020, Armstrong filed a second pro se compassionate-release motion reiterating his concerns after a prison staff member tested positive for COVID-19. The District Court again denied his motion, noting that FCI Schuylkill had tested extensively for COVID-19 and that there were no positive cases among the facility's prisoners, and that, even if there were, the decision would not change because of the

Court's earlier finding that the Section 3553(a) factors did not warrant a sentence reduction. Armstrong appealed the denial of the second motion, but the appeal was dismissed on April 27, 2021, for failure to file an appellate brief.

In December 2020, Armstrong filed a third pro se motion for compassionate release, stating that his health had deteriorated since his previous motion and that the pandemic had grown "out of control" at FCI Schuylkill. The District Court denied the motion, incorporating its previous findings concerning the Section 3553(a) factors and concluding that compassionate release was not warranted based on those findings. Armstrong appealed, and the Government seeks summary affirmance.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review for abuse of discretion the District Court's determination that the sentencing factors under Section 3553(a) do not weigh in favor of granting compassionate release. United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's

---

[1] Appellant's notice of appeal was untimely as it was filed outside the 14-day period provided by Fed. R. App. P. 4(b)(1)(A). See United States v. Espinosa-Talamantes, 319 F.3d 1245, 1246 (10th Cir. 2003) (holding that a § 3582(c)(2) motion is considered a continuation of the criminal proceedings); see also United States v. Payton, 979 F.3d 388, 389-90 (6th Cir. 2020) (precedential per curiam order). Nonetheless, we will review the merits of this appeal because the 14-day period for filing a notice of appeal in a criminal case is non-jurisdictional, and the Government forfeited the issue by failing to raise it. See Gov't of the Virgin Islands v. Martinez, 620 F.3d 321, 328-29 (3d Cir. 2010); see also United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012). We note also that Appellant has asserted that he never received the District Court's order in prison and that he found out about the order from a relative days before he filed the notice of appeal. Cf. United States v. Grana, 864 F.2d 312, 316 (3d Cir. 1989) ("[I]n computing the timeliness of pro se prisoners' appeals, any prison delay in transmitting to the prisoner notice of the district court's final order or judgment shall be excluded from the computation of an appellant's time for taking an appeal.").

decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (quotation marks and citation omitted).

A district court may reduce a defendant's term of imprisonment "after considering the factors set forth in § 3553(a) . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Those sentencing factors require the courts to consider, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from future crimes by the defendant, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). Compassionate release is discretionary, not mandatory; therefore, even if a defendant is eligible for it, a district court may deny compassionate release upon determining that a sentence reduction would be inconsistent with the § 3553(a) factors. See Pawlowski, 967 F.3d at 330; United States v. Jones, 980 F.3d 1098, 1102 (6th Cir. 2020) (finding no abuse of discretion where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed . . . but that the § 3553(a) factors counseled against granting compassionate release").

The Government argues that the District Court did not abuse its discretion in determining that compassionate release was inconsistent with the Section 3553(a) factors. We agree.

4

The District Court properly emphasized the serious nature and circumstances of Armstrong's offenses, his leadership role in a "lengthy and protracted" pattern of drug distribution, the "considerable downward variance" reflected in his sentence, and the fact that Armstrong still had nearly six years remaining on his 15-year sentence. We cannot say that the District Court committed a clear error of judgment in its assessment of the Section 3553(a) factors.

Based on the foregoing, Armstrong's challenge to the District Court's order does not present a substantial question. We therefore grant the Government's motion and we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.