**ALD-136**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3051
_____

UNITED STATES OF AMERICA

v.

RICHARD E. WANDELL, JR.,
                                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2-15-cr-00491-001)
District Judge:  Honorable William J. Martini

_____

Submitted by the Clerk for Possible Dismissal
as Untimely and for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 28, 2022
Before:  JORDAN, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 16, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Richard Wandell, Jr., appeals from an order of the District Court denying his motion to reconsider the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We decline to dismiss this untimely appeal and will instead affirm.

Wandell is a federal prisoner who has served about two-thirds of a 155-month sentence for bank robbery. He filed two motions for compassionate release arguing, inter alia, that his medical conditions made him susceptible to complications from COVID-19. The District Court denied those motions by order entered May 24, 2021. Wandell had 14 days, or until June 7, to file either a notice of appeal, see Fed. R. App. P. 4(b)(1)(A); United States v. Payton, 979 F.3d 388, 389-90 (6th Cir. 2020) (per curiam order), or a motion for reconsideration that would suspend the time to appeal, see United States v. Gomez-Gomez, 643 F.3d 463, 471 (6th Cir. 2011); cf. United States v. Kalb, 891 F.3d 455, 466-67 (3d Cir. 2018). He filed neither within that time.

Wandell eventually filed a motion for reconsideration that was not dated but that was postmarked 72 days after the deadline on August 18. The District Court denied that motion by order entered October 4, 2021. Once again, Wandell had 14 days, or until October 18, to file a notice of appeal. Wandell filed this appeal eight days after that deadline on October 26. Nevertheless, the Rule 4(b)(1)(A) deadline is not jurisdictional and the Government can waive it. See United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012). The Government has waived it in this case as to the order denying reconsideration (but not the underlying order denying compassionate release), and it asks us to summarily affirm the denial of reconsideration on the merits. Thus, we will review the denial of reconsideration. See Kalb, 891 F.3d at 467.

2

We review for abuse of discretion both an order denying compassionate release, see United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021), cert. denied, No. 21-1208, 2022 WL 994375 (U.S. Apr. 4, 2022), and an order denying reconsideration, see Kalb, 891 F.3d at 459. We discern none here. Wandell's primary argument for release was that medical conditions (including obesity and hypertension) made him susceptible to complications from COVID-19. The District Court concluded that Wandell's medical conditions did not constitute "extraordinary and compelling reasons" for release. 18 U.S.C. § 3582(c)(1)(A)(i). The court reasoned, inter alia, that Wandell's medical records showed that his conditions were managed with medication and that he already had contracted and recovered from COVID-19.

Wandell argued on reconsideration that, inter alia, he still had lingering issues from his COVID-19 infection. But the District Court again reviewed his medical records and concluded that they did not change its decision. As the court explained, Wandell's "risk of facing serious health consequences is substantially mitigated, having already contracted [COVID-19] and paired with the wide availability of the FDA-approved vaccination" for which Wandell was on a waiting list. (ECF No. 34 at 2.)[1] The court added that Wandell had about four and a half years of his sentence left to serve and that, "[g]iven his extensive criminal history and the gravity of his underlying offenses here, it is imperative that he serve his sentence in full." (Id.)

---

[1] Wandell asserted in his August 2021 motion for reconsideration that "I just put my[]self on the list to receive the vaccine[.]" (ECF No. 33 at 1.) He has not clarified his vaccination status or otherwise responded to the Government's request for summary action or to our Clerk's letter advising him that we might take summary action.

These considerations were permissible, and the court did not abuse its discretion in relying on them in this case. See, e.g., United States v. Pawlowski, 967 F.3d 327, 331 (3d Cir. 2020) (holding that courts can consider a prisoner's time left to serve); cf. Garrett v. Murphy, 17 F.4th 419, 433 (3d Cir. 2021) (holding that prisoner did not show imminent danger of serious injury because he already had COVID-19 and vaccines are available, and drawing on authority suggesting that the "widespread availability of the COVID-19 vaccine . . . eliminates [the] need for compassionate release") (quotation marks omitted); see also United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) (explaining that, "for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release"). Nor did the District Court otherwise abuse its discretion in denying reconsideration for the reasons it explained.

Thus, we will affirm the judgment of the District Court. Wandell's request for appointment of counsel is denied.