CLD-220                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2022
_____

UNITED STATES OF AMERICA

v.

TRAMELL BLEDSOE,
Appellant
_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Crim. No. 2:07-cr-00165-001)
District Judge: Honorable Joseph F. Leeson, Jr.

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 and for
Possible Dismissal due to Jurisdictional Defect
August 11, 2022

Before: AMBRO, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed: August 18, 2022)

_____

## OPINION[*]

PER CURIAM

Tramell Bledsoe is an inmate confined at FCI McKean in Pennsylvania. He appeals an order of the District Court denying his motion for compassionate release. For the reasons that follow, we will affirm.

## I.

Bledsoe was convicted by a federal jury of two counts of armed bank robbery, two counts of carrying or using a firearm during a crime of violence (in violation of 18 U.S.C. §924(c)(1)), and several other related offenses. The District Court sentenced him to a total of 492 months of imprisonment. We affirmed on direct appeal. See United States v. Bledsoe, 449 F. App'x 159 (3d Cir. 2011). Bledsoe's collateral attacks, brought under 28 U.S.C. §2255, were rejected. See, e.g., United States v. Bledsoe, C.A. No. 20-2733, Doc. 7 (3d Cir. Jan. 11, 2021) (order denying certificate of appealability); United States v. Bledsoe, C.A. No. 19-3651, Doc. 14 (3d Cir. June 8, 2020) (same).

Bledsoe is slated for release in 2041. Desiring an earlier exit, he filed a motion for compassionate release under 18 U.S.C. §3582(c)(1)(A). Bledsoe premised the motion on four contentions: that (1) he would have been sentenced to eighteen fewer years in prison under current law, which bars the "stacking" of convictions under §924(c) for purposes

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

of that statute's mandatory-minimum sentencing regime, see First Step Act §403(a), but which was not made retroactively applicable to those already sentenced; (2) the alleged harshness of his sentence represented a penalty for choosing trial over a plea deal; (3) he is 41 years old ("nearly 50," he says) and fears "the spread and effects of COVID-19"; and (4) he has "done an extraordinary job in rehabilitating [himself]."

The District Court determined that none of those contentions, individually or in the aggregate, reflected an "extraordinary and compelling reason[ ]" for release—a statutory prerequisite for relief under §3582(c)(1)(A)(i). The District Court thus denied Bledsoe's motion. This pro se appeal followed.[1]

## II.

We have jurisdiction under 28 U.S.C. § 1291. An order denying a motion for compassionate release is reviewed for abuse of discretion. United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "An abuse of discretion exists when the decision rests 'on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" Hope v. Warden York Cnty. Prison, 972 F.3d 310, 320 (3d Cir. 2020) (citation omitted).

## III.

---

[1] Bledsoe had fourteen days to appeal the District Court's April 28, 2022-entered order. See Fed. R. App. P. 4(b)(1)(A); United States v. Payton, 979 F.3d 388, 389–90 (6th Cir. 2020) (per curiam order). His undated notice of appeal—contained in a May 18, 2022-postmarked envelope—was not timely. That said, the Rule 4(b)(1)(A) deadline is not jurisdictional; the Government can waive it. See United States Muhammud, 701 F.3d 109, 111 (3d Cir. 2012). And that is what the Government has done here. See Doc. 4 at 1 n.1. We therefore decline to dismiss the appeal as untimely.

Section 3582(c)(1)(A)(i) permits compassionate release based on "extraordinary and compelling reasons," provided that the District Court makes a favorable assessment using the § 3553(a) factors and any applicable policy statements. See Pawlowski, 967 F.3d at 329 & n.6. Here, the District Court rejected Bledsoe's motion solely because he failed to demonstrate an "extraordinary and compelling reason[]" for release.

That was no abuse of discretion. Like the District Court, we deem it significant that Bledsoe failed to "allege that he has any medical conditions that could increase his risk of becoming severely ill from contracting COVID." DC ECF No. 447 at 7. In addition, we agree with the District Court that Bledsoe's claimed efforts in furtherance of rehabilitation, while commendable, are "expected," id. at 9; they are, standing alone, neither "extraordinary" nor "compelling" for purposes of the compassionate-release standard, see 28 U.S.C. § 994(t); see also United States v. Peoples, --- F.4th ---, 2022 WL 2825834, at *4 (7th Cir. July 20, 2022) (holding that "rehabilitation 'cannot serve as a stand-alone reason' for compassionate release") (citation omitted); accord United States v. Hunter, 12 F.4th 555, 572 (6th Cir. 2021).

We also agree with the District Court's determination that our decision in United States v. Andrews, 12 F.4th 255 (3d Cir. 2021), cert. denied, 142 S. Ct. 1446 (2022), shut the door on Bledsoe's contention related to § 924(c) "stacking" under the First Step Act. See id. at 262 (holding that the First Step Act's "nonretroactive sentencing reductions are not extraordinary and compelling reasons for purposes of § 3582(c)(1)"). Furthermore, there is no merit to Bledsoe's argument on appeal that Andrews was abrogated in part by Concepcion v. United States, 142 S. Ct. 2389, 2404 (2022) (holding only "that

4

the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act"). <u>See</u> <u>United States v. King</u>, 40 F.4th 594, 596 (7th Cir. 2022) ("<u>Concepcion</u> is irrelevant to the threshold question whether any given prisoner has established an 'extraordinary and compelling' reason for release."). In fact, <u>Concepcion</u> harmonizes with our acknowledgement in <u>Andrews</u> that, "[i]f a prisoner successfully shows extraordinary and compelling circumstances, the current sentencing landscape may be a legitimate consideration for courts at the next step of the analysis when they weigh the § 3553(a) factors." 12 F.4th at 262.

For those reasons and others set forth in the District Court's well-grounded opinion, the Government's motion for summary affirmance is appropriate and we grant it. <u>See</u> 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018). The District Court's judgment will, as a consequence, be affirmed.