BLD-237                                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2170
_____

UNITED STATES OF AMERICA

v.

KALLEN E. DORSETT, JR.,
                                                Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 5:12-cr-00401-001)
District Judge:  Honorable Joseph F. Leeson, Jr.

_____

Submitted on the Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 and for
Possible Dismissal Due to a Jurisdictional Defect
September 8, 2022
Before:  MCKEE, GREENAWAY, JR., AND PORTER, Circuit Judges

(Opinion filed: October 7, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kallen Dorsett, currently serving a sentence at FCI Marianna, appeals pro se from the District Court's order denying his motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed a motion for summary affirmance. For the reasons that follow, we grant the Government's motion and will summarily affirm.

In 2012, Dorsett pleaded guilty to various charges relating to his possession and distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1) and firearms offenses under 18 U.S.C. §§ 922(g)(1) & 924(c). He was sentenced as a career offender to fifteen years of imprisonment, after the District Court granted a downward departure from the original sentencing-guidelines range. Dorsett unsuccessfully sought to collaterally attack his conviction and sentence under 28 U.S.C. § 2255. See United States v. Dorsett, C.A. No. 18-2587 (3d Cir. Sept. 3, 2019) (order denying certificate of appealability); In re Dorsett, C.A. No. 20-2193 (3d Cir. Dec. 4, 2020) (order denying authorization to file a second or successive motion under § 2255).

Dorsett filed a motion for a reduction of sentence and compassionate release pursuant to 18 U.S.C. § 3582(c) in August 2020, arguing that his preexisting medical conditions increased the risk to him posed by COVID-19. The District Court appointed counsel for Dorsett, who filed a supplemental brief in support of the motion. In April 2021, the District Court denied the motion, holding that even if Dorsett had made the requisite showing of extraordinary and compelling reasons qualifying him for compassionate release, the sentencing factors in 18 U.S.C. § 3553(a) counseled against

such relief, and that Dorsett would still pose a danger to the community if released. Dorsett did not appeal the District Court's denial of the motion.

In March 2022, Dorsett filed a second motion for compassionate release. The District Court again denied relief, explaining that because Dorsett had received a full course of COVID-19 vaccines and his other medical conditions were controlled using medication, he could not make a showing of extraordinary and compelling reasons justifying release. Moreover, the District Court found that Dorsett would pose a danger to the community if released and that the § 3553(a) sentencing factors weighed against release. Dorsett appeals. The Government has moved for summary affirmance of the District Court's order.[1]

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order denying the motion under § 3582 for an abuse of discretion and will not disturb that decision unless the District Court committed a clear error of judgment. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm a district court's order if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

---

[1] A motion for compassionate release is considered a continuation of the criminal proceedings, so the denial of such a motion must be appealed within 14 days. See Fed. R. App. P. 4(b)(1)(A); United States v. Payton, 979 F.3d 388, 389–90 (6th Cir. 2020). The time limit in Rule 4(b) is "not jurisdictional, and may be waived if not invoked by the government." United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012). Here, although Dorsett filed his notice of appeal more than 14 days after entry of the order denying his motion, the Government has affirmatively waived any objection to timeliness in its motion for summary affirmance, "recognizing that mail is occasionally delayed at the present time." CA3 ECF No. 10 at 1–2 n.1. Accordingly, we decline to dismiss this appeal as untimely.

3

The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Compassionate release is discretionary, not mandatory; even if a defendant is eligible, a district court may deny compassionate release upon determining that a sentence reduction would be inconsistent with the § 3553(a) factors.[2] See Pawlowski, 967 F.3d at 330; United States v. Jones, 980 F.3d 1098, 1102 (6th Cir. 2020) (finding no abuse of discretion where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed . . . but that the § 3553(a) factors counseled against granting compassionate release").

Here, Dorsett focuses his disagreements with the District Court's decision on the issue of whether he presented qualifying "extraordinary and compelling reasons" for release, but says little about the independently dispositive question of whether the District Court abused its discretion in weighing the sentencing factors. Crucially, Dorsett has not challenged the District Court's conclusions about his recent disciplinary record while incarcerated. See Dist. Ct. Op. 11–12 & n.8; see also Gov't Mot. Summ. Affirmance 5 (listing Dorsett's four disciplinary infractions between April 2018 and May 2022). Instead, Dorsett argues that recent amendments to the mandatory minimum penalties

---

[2] The sentencing factors require the courts to consider, among other things, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a).

associated with violations of § 924(c) would lead to a much shorter guidelines range for him under the current sentencing landscape, and that this either alone qualifies as an extraordinary or compelling reason for release or, in the alternative, should have weighed more heavily in the District Court's analysis of whether his current sentence continues to reflect the § 3553(a) factors.[3]

As to the first, his argument is foreclosed by our decision in United States v. Andrews, 12 F.4th 255, 260–61 (3d Cir. 2021) (holding that "[t]he duration of a lawfully imposed sentence does not create an extraordinary and compelling circumstance," and "[t]he nonretroactive changes to the § 924(c) mandatory minimums [] cannot be a basis for compassionate release").[4] As to the second, while Dorsett is correct that Andrews recognized that "the current sentencing landscape *may be* a legitimate consideration for

---

[3] The District Court also correctly held that, to the extent Dorsett argues that the Government could no longer meet its burden of proof on his § 924(c) charge based on intervening developments in the law, a motion under § 3582 is an improper vehicle to raise such a challenge, which can be raised only in a § 2255 motion. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (stating that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences"); United States v. Crandall, 25 F.4th 582, 586 (8th Cir. 2022) ("[Movant] cannot avoid the restrictions of the post-conviction relief statute by resorting to a request for compassionate release instead." (citing United States v. Hunter, 12 F.4th 555, 567 (6th Cir. 2021)).

[4] Dorsett's argument that the Supreme Court has abrogated Andrews is meritless. See Concepcion v. United States, 142 S. Ct. 2389, 2404 (2022) (holding only "that the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act"); see also United States v. King, 40 F.4th 594, 596 (7th Cir. 2022) ("Concepcion is irrelevant to the threshold question whether any given prisoner has established an 'extraordinary and compelling' reason for release.").

courts at the next step of the analysis when they weigh the § 3553(a) factors," id. at 262 (emphasis added), our review is not de novo, and Dorsett has not presented any argument to prompt "a definite and firm conviction" that the District Court clearly erred in weighing the § 3553(a) factors.[5] Pawlowski, 967 F.3d at 330. Indeed, the District Court expressly noted that it had considered and rejected any such argument. See Dist. Ct. Op. 14 n.9.

Accordingly, Dorsett's appeal does not present a substantial question, and we will summarily affirm the District Court's order.[6]

---

[5] To the extent that Dorsett claims that the District Court's discussion of whether he posed a danger to the community under the factors articulated in 18 U.S.C. § 3142(g) demonstrates its improper reliance on the persuasive but non-binding policy statement of the United States Sentencing Commission, see Andrews, 12 F.4th at 260, even if engaging in this analysis were erroneous, any error would be harmless, because among the relevant sentencing factors is "the need for the sentence imposed . . . to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C).

[6] In light of our disposition, Dorsett's motion for appointment of counsel is denied.