NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0244n.06

Case No. 22-1443

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff-Appellee, | ) | May 31, 2023 |
|  | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
|  | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE EASTERN |
| BERNARD EDMOND, | ) | DISTRICT OF MICHIGAN |
|  | ) |  |
| Defendant-Appellant. | ) |  |
|  | ) | O P I N I O N |

Before: BOGGS, GIBBONS, and McKEAGUE, Circuit Judges.

**McKEAGUE, Circuit Judge.** Defendant Bernard Edmond was convicted of various crimes related to carjacking, including firearms offenses under 18 U.S.C. § 924(c). He appeals the district court's denial of his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Edmond argues that the disparity between his sentence and the one he would have received had he been sentenced seven months later (after the passage of the First Step Act), along with racial disparities in § 924(c) sentences, his allegedly minor role in the offense, and his prison record and rehabilitation efforts, constitute "extraordinary and compelling reasons" such that sentence reduction is warranted. Because courts may not consider nonretroactive changes in the law in considering a § 3582(c)(1)(A) motion, and because Edmond's other arguments are insufficient on their own to warrant a reduction in his sentence, we affirm.

**I.**

In 2013, Defendant Bernard Edmond was convicted of three carjackings and one attempted carjacking, in violation of 18 U.S.C. § 2119(1); using a firearm during and in relation to a crime of violence for each carjacking offense, in violation of 18 U.S.C. § 924(c); conspiracy to commit the carjackings, in violation of 18 U.S.C. § 371; and operating a chop shop/various crimes related to the theft and resale of the stolen vehicles, violating 18 U.S.C. §§ 511, 2312, 2321, 2322. He was initially sentenced to 900 months. Edmond filed an appeal (unrelated to this one) that reached the Supreme Court, which vacated the judgment and remanded for reconsideration in light of *Dean v. United States*, 581 U.S. 62 (2017). *See Edmond v. United States*, 137 S. Ct. 1577 (2017) (Mem.). As a result of that remand, Edmond was resentenced on May 2, 2018, to one day each for his eleven non-§ 924(c) convictions and the mandatory minimum 660 months for his § 924(c) convictions. On April 27, 2021, he filed a motion for compassionate release in the form of sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Edmond argued that he was entitled to a reduction based mainly on the disparity between the sentence he received and the one he would have received after the First Step Act was passed seven months after his resentencing.[1] Edmond also argued that he was entitled to a reduction based on racial sentencing disparities, the disparity between the length of his sentence and the average sentence given for other serious crimes, and his

---

[1] As the district court aptly described, the First Step Act:

> amended § 924(c) to eliminate the "stacking" of mandatory sentences for successive violations charged in the same indictment. Under the First Step Act, a 25-year sentence for a second § 924(c) conviction may only be imposed for defendants who have been convicted previously of violating § 924(c). If Edmond had been sentenced or even re-sentenced after the First Step Act was enacted, he would face a mandatory minimum sentence on the firearm convictions of 15 years (5 years for each of his three firearm convictions), rather than 55 years.

R. 475 at PID 6007–08 (internal citations omitted).

rehabilitative efforts. On April 21, 2021, the district court denied the motion, declining to consider in its analysis the nonretroactive change in law created by the First Step Act, noting:

> [T]he Court remains frustrated because it lacks clear guidance whether it can consider the nonretroactive change in the statute in its assessment of whether extraordinary and compelling circumstances exist such that Mr. Edmond may qualify for a reduction to a portion of his lengthy sentence.

R. 475 at PID 8. The district court dismissed Edmond's other arguments as unsupported or insufficient. *Id.* Edmond appealed.[2]

**II.**

We review the denial of a motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) for abuse of discretion. *United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022). An abuse of discretion occurs when the district court "applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *Id.* (quoting *United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009)). This standard is "deferential." *United States v. Jones*, 980 F.3d 1098, 1112 (6th Cir. 2020). "A court might abuse its discretion, for example, if it misreads the meaning of the extraordinary-reason requirement or if it interprets the law to bar it from granting a reduction when, in fact, it has discretion to do so." *Id.* (cleaned up). A district court may grant a sentence reduction under § 3582(c)(1)(A) where "extraordinary and compelling reasons" support a reduction and reduction is consistent with the applicable § 3553(a) factors. *United States v. Ruffin*, 978 F.3d 1000, 1004–05 (6th Cir. 2020).

Edmond primarily argues that the disparity between his sentence and the one he would have received had he been sentenced after the passage of the First Step Act constitutes an "extraordinary and compelling" reason to reduce his sentence. He spends much of his appellate

---

[2] The United States affirmatively waived any objection to the timeliness of Edmond's appeal. *See* Appellee's Br. at 10, n.1; *United States v. Payton*, 979 F.3d 388, 390 (6th Cir. 2020).

brief describing the conflict that previously existed within the Sixth Circuit regarding whether courts may consider nonretroactive changes in the law in analyzing whether "extraordinary and compelling" reasons for a sentence reduction exist under 18 U.S.C. § 3582(c)(1)(A). *See* Appellant's Br. at 23–25; *see also United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022) (en banc) (describing the "intractable intra-circuit split" on this issue (cleaned up)). Unfortunately for Edmond, this Court, sitting en banc in *United States v. McCall*, squarely foreclosed that argument.[3] 56 F.4th at 1055. In that case, we held that "nonretroactive changes in sentencing law cannot be 'extraordinary and compelling reasons' that warrant relief." *Id.*

Edmond admits that "Congress did not make the First Step Act apply retroactively" and that the Act constitutes a "nonretroactive change in sentencing law." Appellant's Br. at 9; *see also United States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. 2021) ("Congress explained that § 403 of the [First Step] Act (which amended § 924(c)) 'shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.'" (quoting First Step Act, § 403(b)). Thus, the district court was correct that it cannot consider the First Step Act's changes to § 924(c) in analyzing whether Edmond has sufficiently extraordinary and compelling reasons for sentence reduction.

With that argument failing, all we are left with are Edmond's other, scantily delineated reasons for sentence reduction. Edmond puts forth, with very little detail, a few additional arguments, including (1) the "disproportionate imposition of pre-First Step Act § 924(c) sentence[s] on African American men," (2) "his minor role in the offense," (3) "his lack of significant prior criminal history," (4) his "strong family support" and "work history," (5) "his

---

[3] The *McCall* en banc decision was released after Edmond's brief was filed. The government's brief was filed after the decision, following an order holding the briefing in abeyance pending the opinion's release. Edmond did not file a reply brief.

already-substantial years of incarceration," and (6) "his exemplary behavior and rehabilitation in prison." Appellant's Br. at 10–11, 21. None of these reasons is sufficient—alone or combined—to merit sentence reduction.

First, while Edmond mentions racial disparities in pre-First Step Act § 924(c) sentencing, he cites no support in case law or elsewhere for this contention and does not develop the argument any further than merely stating it. Indeed, the district court dismissed this argument as having "no support or explanation," R. 475 at PID 6010, and Edmond has not elaborated on the argument on appeal. This argument is thus undeveloped, and is therefore waived. *See General Star Nat'l Ins. Co. v. Administratia Asigurarilor de Stat*, 289 F.3d 434, 441 (6th Cir. 2002). Second, putting aside the truth of Edmond's contentions that his role in the offense was minor and his criminal history was insignificant,[4] such facts—along with his "work history" and "strong family support"—already existed at the time of sentencing and thus cannot be considered extraordinary and compelling reasons to reduce his sentence. *See United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021); *United States v. Lemons*, 15 F.4th 747, 750 (6th Cir. 2021). Third, it is not clear what Edmond means when he refers to his "already-substantial years of incarceration," and he does not elaborate on this statement at all. Appellant's Br. at. 21. Because he apparently did not make this argument before the district court, and because he fails to develop this argument here beyond simply stating it, we deem it waived. *See Johnson v. Ford Motor Co.*, 13 F.4th 493, 503–04 (6th Cir. 2021); *General Star*, 289 F.3d at 441. Finally, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); *see also McCall*,

---

[4] The district court at Edmond's original sentencing noted that "the role that's been played by Mr. Edmond that has developed in the testimony[] supports the idea of assigning him a leadership role," R. 235 at PID 4143, as well as Edmond's criminal history, including the fact that he was on probation for "another chop shop offense" when he committed the crimes at issue here, *id.* at 4135.

56 F. 4th at 1051. Thus, Edmond has not put forward any sufficiently extraordinary and compelling reason to reduce his sentence, and he has therefore failed to demonstrate that the district court abused its discretion in denying his motion for sentence reduction.

### III. CONCLUSION

In sum, we AFFIRM the district court's denial of Edmond's motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A).